IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ANSCHUTZ CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MERRILL LYNCH AND CO. INC., et. al,<br><br>　　　　Defendants. | No. C 09-03780 SI<br><br>**ORDER VACATING HEARING AND STAYING PROCEEDINGS** |

　　　The motion by defendant Deutsche Bank to transfer venue is scheduled for a hearing on November 20, 2009. In its opposition to that motion, plaintiff The Anschutz Corporation argued that this motion should be stayed pending resolution of a fully briefed and calendared motion to dismiss a conditional transfer order now pending with the Judicial Panel on Multidistrict Litigation ("MDL Panel.") For the reasons set forth below, the Court VACATES the hearing set for November 20, 2009, and STAYS the proceedings until the pending consolidation matter is resolved by the MDL Panel.

　　　Plaintiff Anschutz brought the present damages action to recover losses allegedly incurred from its purchase of approximately $59 million of Auction Rate Securities ("ARS"). Complaint at 1.[1] Because of the collapse of the market for ARS, plaintiff has found that it is unable to sell these investments. *Id.* In the course of that market's collapse, Anschutz alleges that certain facts concerning the nature of these securities and the particular structure of the market for them have come to light that indicate foul play. *Id.* Anschutz thus seeks to assign liability to the banks, the broker-dealers, and the

---

[1] The facts are taken largely from the Complaint, Anschutz's Opposition to the Motion to Transfer Venue ("Opposition"), and Deutsche Bank's Reply in Support of its Motion to Transfer Venue ("Reply").

rating agencies, who Anschutz alleges all supported this fraudulent scheme. *Id.* at 2-4. Meanwhile, there are ARS related actions pending in both the Northern District of California[2] and the Southern District of New York. Defendants Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc., moved to have this action conditionally transferred to the Southern District of New York for consolidated pre-trial proceedings with the existing MDL proceeding there.[3] The MDL Panel issued a Conditional Transfer Order (CTO), which has been opposed by both plaintiff and defendant Deutsche Bank. That matter is set for consideration on November 19, 2009, in the Southern District of New York.

The Court has the discretionary power to stay proceedings in its own court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105 (9th Cir. 2005). In determining whether a stay is warranted, the Court is to examine the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995); *see also Blue Cross and Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (citing *Keating*, which involved a parallel criminal proceeding, and applying the factors in a parallel civil proceeding).

Here, the factors clearly weigh in favor of granting the stay. Plaintiff has stated that it prefers to stay action pending the decision of the MDL panel, so the first factor weighs in favor of granting the stay. The burden to defendants of staying the proceedings is minimal as well: either the MDL Panel rejects the motion to transfer venue, and proceedings resume here, or the MDL Panel grants the motion, and pre-trial proceedings will be conducted in the Southern District of New York, defendants' preferred forum. Thus the second factor weighs in favor of granting the stay as well. The third factor also weighs

---

[2] *See Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, C.A. No. 3:09-3529 (N.D. Cal. 2009); *In re: Bank of Am. Corp. Auction Rate Sec. (ARS) Mktg. Litig.*, 598 F. Supp. 2d 1377 (J.P.M.L. 2009).

[3] *See In re: Merrill Lynch & Co., Inc. Auction Rate Sec. (ARS) Mktg. Litig.*, MDL-2030.

2

in favor of granting the stay, because conducting proceedings that may be mooted by a transfer of pretrial proceedings is a waste of judicial resources. Finally, although it is not readily apparent how persons not parties to this litigation, or the public at large, would be affected by staying these proceedings pending determination of the motion to dismiss the conditional transfer order, the efficient use of judicial resources is certainly not to their detriment. Therefore, with the first three factors weighing in favor of granting the stay and the last two factors neutral, the Court finds it reasonable to stay proceedings here until the MDL Panel rules on the currently-pending motion before it to transfer pre-trial proceedings to the Southern District of New York.

Accordingly, the Court VACATES the hearing set for November 20, 2009, and STAYS the proceedings, pending the MDL Panel's determination of the motion to consolidate pretrial proceedings. The parties are directed to inform the Court within seven days of the MDL Panel's resolution. In the event the MDL Panel vacates the conditional transfer order, the Court will schedule a hearing on Deutsche Bank's motion to transfer venue.

**IT IS SO ORDERED.**

Dated: November 18, 2009.

SUSAN ILLSTON
United States District Judge