1   Mark C. Hansen
      mhansen@khhte.com
2   David L. Schwarz (206257)
      dschwarz@khhte.com
3   Kevin J. Miller (*pro hac vice*)
      kmiller@khhte.com
4   Andrew C. Shen (*pro hac vice*)
      ashen@khhte.com
5   KELLOGG, HUBER, HANSEN, TODD,
      EVANS & FIGEL, P.L.L.C.
6   1615 M Street, N.W., Suite 400
    Washington, D.C. 20036
7   Telephone:  (202) 326-7900
    Facsimile:  (202) 326-7999
8
    R. Alexander Saveri (173102)
9     rick@saveri.com
    Geoffrey C. Rushing (126910)
10     grushing@saveri.com
    SAVERI & SAVERI, INC.
11  706 Sansome Street
    San Francisco, CA 94111-5619
12  Telephone:  (415) 217-6810
    Facsimile:  (415) 217-6813
13
    *Attorneys for Plaintiff The Anschutz Corporation*
14

15          **IN THE UNITED STATES DISTRICT COURT**

16        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17
    THE ANSCHUTZ CORPORATION,          Case No. C 09-3780-SI
18
                       Plaintiff,      **JOINT SUBMISSION REGARDING**
19                                     **DOCUMENT PRODUCTION PROTOCOL**
              v.                       **AND CASE MANAGEMENT ORDER**
20
    MERRILL LYNCH & CO., INC.;
21  MERRILL LYNCH, PIERCE,             JUDGE:  Hon. Susan Illston
    FENNER & SMITH INC.;
22  DEUTSCHE BANK SECURITIES INC.;
    MOODY'S INVESTORS SERVICE,
23  INC.; THE McGRAW-HILL
    COMPANIES, INC.; FITCH, INC.;
24  AND FITCH RATINGS, LTD.,

25                     Defendants.

26                                     **JURY TRIAL DEMANDED**

27

28

1

2       Plaintiff The Anschutz Corporation ("TAC") and Defendants Deutsche Bank Securities

3   Inc. ("DBSI"), The McGraw-Hill Companies, Inc. ("S&P"), and Fitch, Inc. ("Fitch") have met

4   and conferred regarding a Document Production Protocol and a Case Management Order

5   governing non-expert deposition and interrogatory limits.  On the vast majority of issues, the

6   parties have agreed and stipulated to terms.  There are two issues, however, in the Case

7   Management Order that the parties jointly request that the Court decide:

8       **A.   Deposition Limits**

9           **1.   TAC's and DBSI's Position**

10      TAC and DBSI propose that the Court modify the presumptive deposition limits in Fed.

11  R. Civ. P. 30(a), to allow TAC to take no more than 30 non-expert depositions – an average of ten

12  per defendant – and to allow defendants, collectively, to take no more than 30 non-expert

13  depositions.

14      TAC believes that this initial limit, which may be modified in the future for good cause, is

15  appropriate given the scope and magnitude of the case and also in light of the fact that Defendants

16  themselves have already identified 24 non-TAC individuals in their Fed. R. Civ. P. 26(a)(1)

17  Initial Disclosures who are likely to have discoverable information that will support Defendants'

18  defenses (16 from DBSI, 5 from S&P, and 3 from Fitch).  But, these 24 individuals do not include

19  all individuals with discoverable information that will support *TAC's claims*, and those, too, are

20  individuals whom TAC is entitled to depose.  Thus it is virtually certain that additional non-TAC

21  individuals will be identified during the course of discovery, and that these individuals will need

22  to be deposed.

23      DBSI believes that a 30-deposition limit is appropriate for two principal reasons.:  First,

24  plaintiff has chosen not to join as a party to this case the broker-dealer, Credit Suisse, who sold

25  the securities at issue to plaintiff, leaving DBSI with only third-party discovery – primarily,

26  depositions – as the means for gaining the highly relevant information that Credit Suisse has.

27  Second, a substantial number of the witnesses whose testimony DBSI will need to defend this

28  case are former DBSI employees, none of whom is a resident of this district and all of whom will

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

need to be deposed so that DBSI can present their testimony at trial through depositions.

### 2.  Rating Agencies' Position

The rating agencies propose that the Court modify the presumptive deposition limits in Fed. R. Civ. P. 30(a) of 10 depositions per side (or 20 depositions in this case), to allow TAC to take no more than 25 non-expert depositions, and to allow defendants, collectively, to take no more than 25 non-expert depositions, for a total of 50 depositions in this case.  The ratings agencies believe that 30 depositions per side, for a total of 60 depositions, is an unreasonably high number of depositions given the relatively limited scope and magnitude of this case.  Indeed, the rating agencies' proposed limit is far more generous to TAC than the default limit set forth in Fed. R. Civ. P. 30(a).  In the view of the rating agencies, there is no justification for the level of discovery proposed by TAC and DBSI in what is not an unusually complex commercial case with only one plaintiff and three defendants.

### B.  Interrogatory Limits

TAC proposes that the Court modify the interrogatory limits in Fed. R. Civ. P. 33(a)(1) to allow (a) TAC to serve on each defendant no more than 25 interrogatories; (b) DBSI to serve on TAC no more than 25 interrogatories; and (c) Fitch and S&P collectively to serve on TAC no more than 25 interrogatories.  In the interests of party efficiency, TAC does not believe that Fitch and S&P should *each* be permitted to serve 25 interrogatories on TAC.  Fitch's and S&P's interests are aligned in this action, their defenses are identical, and the information they seek through discovery is duplicative.  Indeed, Fitch and S&P jointly submitted one motion to dismiss TAC's First Amended Complaint, and have likewise jointly served a single Request For Production on TAC.  And permitting each Defendant to serve 25 interrogatories would mean that TAC would have to respond to 75 individual interrogatories, an unreasonably high number, while each Defendant responds only to 25.

For the reasons set forth above, defendants propose that the Court follow the interrogatory limits in Fed. R. Civ. P. 33(a)(1) and allow each party to serve 25 interrogatories on each other party.  TAC's proposal would unfairly allow TAC to serve a total of 75 interrogatories, but only

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

allow defendants to serve a collective 50 interrogatories.  Given that, with respect to the number of depositions, TAC is in favor of significantly expanding the presumptive limits set forth in the Federal Rules, it is hard to see how it can justify limiting defendants' right to propound interrogatories below what the Federal Rules provide.  In addition, Fitch and S&P should not be denied their right to discovery as provided by the Rules based on TAC's speculation that their interrogatories would be duplicative.

## CONCLUSION

The parties have attached as Exhibit A, a proposed Case Management Order setting forth the parties conflicting positions on non-expert deposition and interrogatory limits.  The parties jointly request that the Court resolve the disputed issues and enter the Case Management Order as the Court sees fit.  The parties have also attached as Exhibit B a proposed Document Production Protocol.  There are no disagreements regarding this protocol.

Dated:   August 4, 2011            **KELLOGG, HUBER, HANSEN, TODD, EVANS &**
                                   **FIGEL, P.L.L.C.**
                                   MARK C. HANSEN
                                   DAVID L. SCHWARZ
                                   KEVIN J. MILLER
                                   ANDREW C. SHEN
                                   1615 M. Street NW, Suite 400
                                   Washington, DC 20036-3209
                                   Tel:    (202) 326-7900
                                   Fax:    (202) 326-7999

                                   _____ /s/ Kevin J. Miller _____
                                   KEVIN J. MILLER

                                   *Attorneys for Plaintiff*
                                   *The Anschutz Corporation*

Dated:  August 4, 2011             **PERKINS COIE LLP**
                                   DAVID T. BIDERMAN
                                   PHILIP A. LEIDER
                                   JONMI N. KOO
                                   Four Embarcadero Center, Suite 2400
                                   San Francisco, CA 94111

3

1

2
　　　　　　　　　　　　　　　Tel:　　(415) 344-7000
　　　　　　　　　　　　　　　Fax:　　(415) 344-7050

3
　　　　　　　　　　　　　　　_____/s/ David T. Biderman_____

4
　　　　　　　　　　　　　　　DAVID T. BIDERMAN

5
　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　The McGraw-Hill Companies, Inc.

6

7
Dated:  August 4, 2011　　　**PAUL, WEISS, RIFKIND, WHARTON &**
　　　　　　　　　　　　　　　**GARRISON LLP**

8
　　　　　　　　　　　　　　　ROBERTA A. KAPLAN
　　　　　　　　　　　　　　　1285 Avenue of the Americas

9
　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　Tel:　　(212) 373-3000

10
　　　　　　　　　　　　　　　_____/s/ Roberta A. Kaplan_____

11
　　　　　　　　　　　　　　　ROBERTA A. KAPLAN

12
　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　Fitch, Inc. and Fitch Ratings, Ltd.

13

14
Dated:  August 4, 2011　　　**MORGAN, LEWIS & BOCKIUS**
　　　　　　　　　　　　　　　ELIZABETH A. FROHLICH

15
　　　　　　　　　　　　　　　One Market Street
　　　　　　　　　　　　　　　Spear Street Tower

16
　　　　　　　　　　　　　　　San Francisco, CA  94105
　　　　　　　　　　　　　　　Tel:　　(415) 442-1000

17
　　　　　　　　　　　　　　　Fax:　　(415) 442-1001

18
　　　　　　　　　　　　　　　_____/s/ Elizabeth A. Frohlich_____

19
　　　　　　　　　　　　　　　ELIZABETH A. FROHLICH

20
　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　Deutsche Bank Securities, Inc.

21

22

23

24

25

26

27

28

4

1

2                    **GENERAL ORDER 45 CERTIFICATION**

3          I, Kevin J. Miller, hereby attest pursuant to Northern District of California General Order

4   No. 45 that the concurrence to filing of this document has been obtained from each signatory

5   hereto.

6          Dated:  August 4, 2011

7                                                      ___/s/ *Kevin J. Miller*_____
                                                       Kevin J. Miller

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1   Mark C. Hansen
        mhansen@khhte.com
2   David L. Schwarz (206257)
        dschwarz@khhte.com
3   Kevin J. Miller (*pro hac vice*)
        kmiller@khhte.com
4   Andrew C. Shen (*pro hac vice*)
        ashen@khhte.com
5   KELLOGG, HUBER, HANSEN, TODD,
        EVANS & FIGEL, P.L.L.C.
6   1615 M Street, N.W., Suite 400
    Washington, D.C. 20036
7   Telephone:  (202) 326-7900
    Facsimile:  (202) 326-7999
8
    R. Alexander Saveri (173102)
9       rick@saveri.com
    Geoffrey C. Rushing (126910)
10      grushing@saveri.com
    SAVERI & SAVERI, INC.
11  706 Sansome Street
    San Francisco, CA 94111-5619
12  Telephone:  (415) 217-6810
    Facsimile:  (415) 217-6813
13
    *Attorneys for Plaintiff The Anschutz Corporation*
14

15              **IN THE UNITED STATES DISTRICT COURT**

16          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| THE ANSCHUTZ CORPORATION, | Case No. C 09-3780-SI |
| Plaintiff, | **STIPULATED AND [PROPOSED] CASE MANAGEMENT ORDER** |
| v. | |
| MERRILL LYNCH & CO., INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; MOODY'S INVESTORS SERVICE, INC.; THE McGRAW-HILL COMPANIES, INC.; FITCH, INC.; AND FITCH RATINGS, LTD., | JUDGE:  Hon. Susan Illston |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

27

28

1    Plaintiff The Anschutz Corporation and Defendants Deutsche Bank Securities Inc., The

2  McGraw-Hill Companies, Inc., and Fitch, Inc. have met and conferred regarding discovery issues

3  in this case.  It is hereby stipulated and agreed by and between the parties hereto that:

4    Deposition Limits:

5    **TAC and DBSI's Position:** Plaintiff shall notice no more than thirty (30) fact

6  depositions.  Defendants, collectively, shall notice no more than thirty (30) fact

7  depositions.  Depositions of expert witnesses do not count against the deposition

8  limits set forth in this paragraph.

9    **Fitch and S&P's Position:**  Plaintiff shall notice no more than twenty five (25)

10  fact depositions.  Defendants, collectively, shall notice no more than twenty five

11  (25) fact depositions.  Depositions of expert witnesses do not count against the

12  deposition limits set forth in this paragraph.

13

14  2.    Interrogatory Limits:

15    **TAC's Position**:  TAC shall serve on each defendant no more than 25

16  interrogatories.  DBSI shall serve on TAC no more than 25 interrogatories.  Fitch

17  and S&P collectively shall serve on TAC no more than 25 interrogatories.

18    **DBSI, Fitch, and S&P's Position:**  TAC shall serve on each defendant no more

19  than 25 interrogatories.  Each Defendant shall serve on TAC no more than 25

20  interrogatories.

21

22

23    Dated: August 4, 2011        **KELLOGG, HUBER, HANSEN, TODD, EVANS &**
                                 **FIGEL, P.L.L.C.**
24                               MARK C. HANSEN
                                 DAVID L. SCHWARZ
25                               KEVIN J. MILLER
                                 ANDREW C. SHEN
26                               1615 M. Street NW, Suite 400
                                 Washington, DC 20036-3209
27                               Tel:    (202) 326-7900
                                 Fax:    (202) 326-7999
28

IT IS SO ORDERED
Susan Illston
Judge Susan Illston

1

　　　　　　　　　　　　　　　/s/ Kevin J. Miller
　　　　　　　　　　　　　KEVIN J. MILLER

2

　　　　　　　　　　　　　*Attorneys for Plaintiff*

3　　　　　　　　　　　　　*The Anschutz Corporation*

4

Dated:  August 4, 2011　　　　**PERKINS COIE LLP**

5　　　　　　　　　　　　　DAVID T. BIDERMAN
　　　　　　　　　　　　　PHILIP A. LEIDER

6　　　　　　　　　　　　　JONMI N. KOO
　　　　　　　　　　　　　Four Embarcadero Center, Suite 2400

7　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　Tel:　(415) 344-7000

8　　　　　　　　　　　　　Fax:　(415) 344-7050

9　　　　　　　　　　　　　　　/s/ David T. Biderman
　　　　　　　　　　　　　DAVID T. BIDERMAN

10

Attorneys for Defendant

11　　　　　　　　　　　　　The McGraw-Hill Companies, Inc.

12

Dated:  August 4, 2011　　　　**PAUL, WEISS, RIFKIND, WHARTON &**

13　　　　　　　　　　　　　**GARRISON LLP**
　　　　　　　　　　　　　ROBERTA A. KAPLAN

14　　　　　　　　　　　　　1285 Avenue of the Americas
　　　　　　　　　　　　　New York, New York 10019

15　　　　　　　　　　　　　Tel:　(212) 373-3000

16　　　　　　　　　　　　　　　/s/ Roberta A. Kaplan
　　　　　　　　　　　　　ROBERTA A. KAPLAN

17

Attorneys for Defendant

18　　　　　　　　　　　　　Fitch, Inc. and Fitch Ratings, Ltd.

19

Dated:  August 4, 2011　　　　**MORGAN, LEWIS & BOCKIUS**

20　　　　　　　　　　　　　ELIZABETH A. FROHLICH
　　　　　　　　　　　　　One Market Street

21　　　　　　　　　　　　　Spear Street Tower
　　　　　　　　　　　　　San Francisco, CA  94105

22　　　　　　　　　　　　　Tel:　(415) 442-1000
　　　　　　　　　　　　　Fax:　(415) 442-1001

23

　　　　　　　　　　　　　　　/s/ Elizabeth A. Frohlich

24　　　　　　　　　　　　　ELIZABETH A. FROHLICH

25

Attorneys for Defendant

26　　　　　　　　　　　　　Deutsche Bank Securities, Inc.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ORDER</u>

Good cause appearing therefore, IT IS HEREBY ORDERED that the deadlines set forth in the above Litigation Schedule shall apply in this case.

_____
Honorable Susan Illston
United States District Court Judge

# EXHIBIT B

1   Mark C. Hansen
      mhansen@khhte.com
2   David L. Schwarz (206257)
      dschwarz@khhte.com
3   Kevin J. Miller (*pro hac vice*)
      kmiller@khhte.com
4   Andrew C. Shen (*pro hac vice*)
      ashen@khhte.com
5   KELLOGG, HUBER, HANSEN, TODD,
      EVANS & FIGEL, P.L.L.C.
6   1615 M Street, N.W., Suite 400
   Washington, D.C. 20036
7   Telephone:  (202) 326-7900
   Facsimile:  (202) 326-7999
8
   R. Alexander Saveri (173102)
9      rick@saveri.com
   Geoffrey C. Rushing (126910)
10     grushing@saveri.com
   SAVERI & SAVERI, INC.
11  706 Sansome Street
   San Francisco, CA 94111-5619
12  Telephone:  (415) 217-6810
   Facsimile:  (415) 217-6813
13
   *Attorneys for Plaintiff The Anschutz Corporation*
14

15             **IN THE UNITED STATES DISTRICT COURT**

16           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| THE ANSCHUTZ CORPORATION, | Case No. C 09-3780-SI |
| Plaintiff, | **Stipulation and [Proposed] Order Regarding Document Production** |
| v. | |
| MERRILL LYNCH & CO., INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; MOODY'S INVESTORS SERVICE, INC.; THE McGRAW-HILL COMPANIES, INC.; FITCH, INC.; AND FITCH RATINGS, LTD., | JUDGE:  Hon. Susan Illston |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

It is hereby stipulated and agreed, by and among plaintiff The Anschutz Corporation ("TAC"), and defendants Deutsche Bank Securities Inc. ("DBSI"), Fitch Inc. ("Fitch"), and The McGraw-Hill Companies, Inc. ("S&P") that the Court should, for good cause shown, enter the following Order regarding the form of document production in this matter.  Together, the plaintiff and defendants in this case, as well as their officers, directors, employees and agents (including, without limitation, their legal counsel), are hereinafter referred to as the "Parties."  The agreements set forth herein are without prejudice to the rights of the parties to request additional information or documents, in any form, or to raise any objections as to the production of any documents or information that may be described herein.  Nothing in this protocol shall be construed to imply that any such documents or information are relevant and responsive, nor shall it be interpreted as an agreement to produce such documents or information, should they exist.

A.    **Search Terms and Custodians**

The Parties agree to meet and confer in good faith regarding (1) the search terms, if any, that each Party will use to identify potentially responsive information or documents for production; (2) the individual custodians that each Party will search for potentially responsive information or documents; and (3) each Party's databases or shared drives that may contain responsive information or documents.

B.    **Electronically Stored Information ("ESI").**

ESI shall be provided in the following format:

1.    TIFFs.  Single-page 300 dpi CCITT Group IV black and white TIFFs shall be provided.  If required for legibility, color documents should be produced if possible.  The Parties will accommodate reasonable requests for production of specific images in color.  The parties reserve the right to discuss allocation of costs in the event that the production of color documents becomes unduly costly and/or burdensome.

2.    Database Load Files/Cross-Reference Files.  Documents shall be provided with (1) a Concordance delimited load file(s) and (2) an Opticon delimited cross-reference file(s) showing document breaks.

Example of Concordance Delimited File:

þPRODBEGþþPRODENDþþPRODBEGATTþþPRODENDATTþ

Example of Opticon Delimited File:

BATES000001,BATES001,D:\IMAGES\001\BATES000001.TIF,Y,,,3
BATES000002,BATES001,D:\IMAGES\001\BATES000002.TIF,,,,,
BATES000003,BATES001,D:\IMAGES\001\BATES000003.TIF,,,,,
BATES000004,BATES001,D:\IMAGES\001\BATES000004.TIF,Y,,,2
BATES000005,BATES001,D:\IMAGES\001\BATES000005.TIF,,,,,

3.   Unique IDs.  Each TIFF image shall have a unique file name which will be the Bates number of that page (e.g., BATES000001.TIF).  The Bates number must appear on the face of the image (e.g., BATES000001).

4.   Text Files.  For each document, a document-level text file shall be provided.  The text of ESI shall be extracted directly from the native file and each text file will be named for the beginning Bates number of its corresponding document (e.g., BATES000001.TXT).  A party will not be required to produce an extracted text file for a redacted document, but for each such document for which the producing Party possesses OCR, a document-level text file shall be provided.

5.   Unique Documents.  A Party is only required to produce a single copy of a responsive document.  A Party may deduplicate responsive ESI (based on MD5 or SHA-1 hash values).  E-mail will be deduplicated by family, not on a document level.  In addition, to the extent reasonably accessible, all custodians of deduplicated items will be listed in the "All Custodian" field.  Where available, custodians will be identified using first and last names.  Entity/departmental custodians will be identified with an identifier of the entity or department.  A producing Party will reasonably attempt to use a uniform description of a particular custodian across productions.  The Parties may deduplicate stand-alone electronic documents against e-mail attachments using the calculated MD5 or SHA-1 Hash Code of each document.  For deduplication of this type, the attachment to the e-mail must be the document that is produced.

Multiple custodians in the "All Custodian" field will be separated by a semicolon.

2

6.     Metadata Fields.  The following metadata shall be provided within the Concordance delimited file described above for each document to the extent reasonably accessible:

> BegBates
> EndBates
> Parent-Child Relationships (attachment information)
> File Extension
> Filename
> Native Path (path to native file on production media)
> Text Path (path to the text file on production media)
> Custodian
> All Custodian

Additionally, for e-mails, the following metadata shall be provided:

> To
> From
> CC
> BCC
> Date Sent
> Time Sent, by minute
> Subject

Additionally, for email attachments and loose files, the following metadata shall be provided:

> Create Date
> Last Modified Date
> Author

7.     Additional Metadata.  Should additional metadata (such as the original file path of documents) exist that if provided would significantly aid a receiving Party in understanding or using the documents, upon reasonable request, the producing Party shall not unreasonably withhold such metadata.

8.     Native Form.  Microsoft Excel and Audio and Video files (whether attached to emails or loose files) will be produced in native form, although redacted Microsoft Excel files need not be produced in native form in the first instance. The parties shall meet and confer in good faith regarding the format of production for any redacted Microsoft Excel files.  The Parties further agree that Microsoft Powerpoint documents need not be produced in native form in the first instance, however, all embedded notes shall be produced.   The Parties shall not unreasonably refuse a request for the production of any document in native form to the extent a document is provided in a form other than native.   For documents produced in native format, the document will be named with the Bates number as the file name, and any Confidentiality designation will be indicated in the TIFF placeholder image.

3

Native Files will be produced with a placeholder slip sheet stating "File Produced in Native Format." The path to the native file on the production media will be provided in the DAT file.

9. Database. Certain types of databases kept in the normal course of business contain information that allows for analysis and computation. Should there be relevant, responsive and non-privileged information in such databases, the parties will discuss appropriate procedures and methods of production including possible allocation of costs.

C. **Hard-Copy Documents.**

Hard-copy documents shall be provided in the following format:

1. TIFFs. Single page 300dpi CCITT Group IV black and white TIFFs shall be provided. The Parties will accommodate reasonable requests for production of specific images in color. If required for legibility, color documents should be produced if possible. The parties reserve the right to discuss allocation of costs in the event that the production of color documents becomes costly and/or unduly burdensome.

2. Database Load Files/Cross-Reference Files. Documents shall be provided with (1) a Concordance delimited load file(s) and (2) an Opticon delimited cross-reference file(s) showing document breaks.

Example of Concordance Delimited File:

þPRODBEGþþPRODENDþþPRODBEGATTþþPRODENDATTþ

Example of Opticon Delimited File:

BATES000001,BATES001,D:\IMAGES\001\BATES000001.TIF,Y,,,3
BATES000002,BATES001,D:\IMAGES\001\BATES000002.TIF,,,,,
BATES000003,BATES001,D:\IMAGES\001\BATES000003.TIF,,,,,
BATES000004,BATES001,D:\IMAGES\001\BATES000004.TIF,Y,,,2
BATES000005,BATES001,D:\IMAGES\001\BATES000005.TIF,,,,,

3. Unique IDs. Each image shall have a unique file name which will be the Bates number of that page (e.g., BATES000001.TIFF). The Bates number must appear on the face of the image (e.g., BATES000001) With the exception of paragraph F, the prefix of the Bates number must be consistent for every custodian throughout the production.

4. OCR. For each document for which the producing Party possesses OCR, a document-level text file with page breaks shall be provided. Each file will be named for the beginning Bates number of its corresponding document (e.g., BATES000001.TXT). With respect to documents containing redacted text, OCR files will be provided for the redacted version of the document.

4

5.      Unitizing of Documents.  When scanning paper documents, the Parties shall undertake best efforts to ensure that distinct documents are not merged into a single record, and single documents are not split into multiple records (*i.e.*, the Parties shall attempt to logically unitize scanned hard copy documents).

6.      The parties shall identify, to the extent possible, the custodian of each document.

D.    **Production Media.**

Documents will be produced on CD-ROM or DVD discs or on external hard drives.

E.    **Metadata Format**.

Electronic file metadata, to the extent reasonably available, shall be provided in the following format:

1.      Standard Concordance delimiters should be used for load files: field delimiter (Code 20), text qualifier (Code 254), and newline (Code 174);

2.      The first line shall contain electronic file metadata headers and below the first line there shall be exactly one line for each document;

3.      Multi-values shall be separated by a semicolon (;); and\

4.      All files containing non-Western characters shall be provided in Unicode-compliant form.

F.    **Parties to Confer in Good Faith.**

The Parties agree to confer in good faith about disputes regarding the form of document production, including resolution of issues not addressed by this stipulation.

1   STIPULATED BY:

2

3

4   Dated:  August 4, 2011           **KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.**

5                                        MARK C. HANSEN
DAVID L. SCHWARZ

6                                        KEVIN J. MILLER
ANDREW C. SHEN

7                                        1615 M. Street NW, Suite 400
Washington, DC 20036-3209

8                                        Tel:    (202) 326-7900
Fax:   (202) 326-7999

9

10                                            /s/ Kevin J. Miller
KEVIN J. MILLER

11                                        *Attorneys for Plaintiff*
*The Anschutz Corporation*

12

13   Dated:  August 4, 2011           **PERKINS COIE LLP**

14                                          DAVID T. BIDERMAN
PHILIP A. LEIDER

15                                        JONMI N. KOO
Four Embarcadero Center, Suite 2400

16                                        San Francisco, CA 94111
Tel:    (415) 344-7000

17                                        Fax:   (415) 344-7050

18                                        /s/ David T. Biderman
DAVID T. BIDERMAN

19                                        Attorneys for Defendant
The McGraw-Hill Companies, Inc.

20

21   Dated:  August 4, 2011           **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

22                                        ROBERTA A. KAPLAN
1285 Avenue of the Americas

23                                        New York, New York 10019
Tel:    (212) 373-3000

24

25                                        /s/ Roberta A. Kaplan
ROBERTA A. KAPLAN

26                                        Attorneys for Defendant
Fitch, Inc. and Fitch Ratings, Ltd.

27

28

1   Dated:  August 4, 2011           **MORGAN, LEWIS & BOCKIUS**
                                     ELIZABETH A. FROHLICH
2                                    One Market Street
                                     Spear Street Tower
3                                    San Francisco, CA  94105
                                     Tel:     (415) 442-1000
4                                    Fax:     (415) 442-1001

5                                          /s/ Elizabeth A. Frohlich
                                     ELIZABETH A. FROHLICH
6
                                     Attorneys for Defendant
7                                    Deutsche Bank Securities, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

## **ORDER**

2

      Good cause appearing therefore, IT IS HEREBY ORDERED that the Stipulation

3

Regarding Document Production is entered in this case.

4

5

_____
Honorable Susan Illston
United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation and [Proposed] Order Regarding Document Production; Case No. C 09-3780-SI