IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ANSCHUTZ CORPORATION, | No. C 09-03780 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| MERRILL LYNCH & CO., et al., | |
| Defendants. | |

Currently before the Court is plaintiff the Anschutz Corporation's motion to compel defendant Deutsche Bank Securities, Inc. ("DBSI") to provide additional responses to discovery [Docket No. 268]. The Court has reviewed the parties' submission and rules as follows:

1. Plaintiff's motion to compel further responses to RFP Nos. 2 and 5 is GRANTED. DBSI is not entitled to limit its responses to documents concerning only the three series of Auction Rate Securities ("ARS") that plaintiff bought (the Capstan, Camber and Pivot series). DBSI documents regarding its dealings on other ARS are relevant in light of plaintiff's assertions about the ARS market in general and DBSI's dealings in that market.

2. Plaintiff's motion to compel further responses to RFP Nos. 2-7, 11-13, 16, 20-22, 27, 31, 33, 36-49, 52-55, 58-59 and 66 is GRANTED. As noted above, documents regarding ARS and structured finance products ("SFPs") other than those purchased by plaintiff are relevant to the claims in this litigation. However, in light of DBSI's burden

argument, the Court will – at this juncture – limit that production as suggested at page 2 of plaintiff's 9/13/11 letter [Docket No. 268], as follows: DBSI shall: (I) produce documents sufficient to show DBSI's bidding practices for all other ARS in which it served as sole or lead broker-dealer; (ii) produce all readily identifiable responsive documents as limited above [defined as manuals and procedures; prospectuses; DBSI's public statements; and documents sufficient to show (a) fees earned from ARS; (b) payments to rating agencies; (c) the DBSI ARS rated by the rating agency defendants; and (d) which employees placed bids on ARS for DBSI's own account]; and (iii) identify and search the files of all persons who were involved in or supervised the placement of bids for the DBSI ARS as limited above.

3. Plaintiff's motion to compel a further response to Interrogatory No. 1 is GRANTED. Information regarding DBSI's bids for its own account is highly relevant to the claims at issue in this lawsuit. Requiring plaintiff to construct an answer to this interrogatory from multiple sets of as yet unproduced documents is not an appropriate solution to DBSI's assertion that it is having a difficult time constructing a response itself in light of the departure of an employee.

4. Plaintiff's motion to compel documents created in 2005 and from 2008 onwards is GRANTED in part. Documents created from 2005 though December 2007 are relevant and shall be produced. However, at this juncture, as to documents post-2007 the Court orders production only of those documents concerning DBSI's tenders for the Capstan, Camber and Pivot securities.

5. Plaintiff's motion to compel further responses to RFP Nos. 55-57 and 71 is GRANTED. These documents – whether related to the ARS plaintiff bought or other ARS – are directly relevant to the claims at issue in this case.

2

6. Plaintiff's motion to compel further responses to RFP Nos. 3-4, 67, and 69-70 is GRANTED. The documents regarding the C&D Order are directly relevant to the issues in this case and while the documents related to the MSRB and no-action letter are less directly relevant, the burden on DBSI to produce them is slight.

**IT IS SO ORDERED.**

Dated: September 19, 2011

SUSAN ILLSTON
United States District Judge