1

2

3

4

5                      IN THE UNITED STATES DISTRICT COURT

6                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    THE ANSCHUTZ CORPORATION,                    No. C 09-03780 SI

9                 Plaintiff,                       **ORDER ON FITCH'S MOTION TO
                                                   COMPEL AND REQUEST FOR CASE**
10      v.                                         **MANAGEMENT CONFERENCE**

11   MERRILL LYNCH & CO., et al.,

12               Defendants.
     _____/

13

14          Currently before the Court is defendant Fitch, Inc.'s motion to compel plaintiff to produce an

15   organizational chart and Rule 30(b)(6) deponent; to produce all documents regarding plaintiff's

16   purchase of structured finance products for any account, instead of production limited to ARS purchased

17   for plaintiff's "working capital account"; and a Rule 30(b)(6) deponent regarding preservation of CEO

18   Philip Anschutz's documents.  Docket No. 293.  Fitch also requests that a case management conference

19   be set to discuss an extension in the February 2012 discovery cut-off date in light of Fitch's discovery

20   disputes with plaintiff.  Docket No. 294.  Finally, Fitch filed a request that the Court order plaintiff to

21   produce the "litigation hold notice" that Philip Anschutz's assistant received.  Docket No. 296.

22          The Court has reviewed Fitch's position, as well as plaintiff's responses, and rules as follows:

23          1.      Plaintiff shall produce a Rule 30(b)(6) deponent to testify about plaintiff's organizational

24                  structure and its document retention procedures within fourteen (14) days of this Order.

25                  This deposition shall not be contingent on Fitch being required to depose the Rule

26                  30(b)(6) deponent on any other topic and shall not excuse plaintiff from producing the

27                  same or a different Rule 30(b)(6) deponent in the future to testify on other topics.  The

28                  Court will not order plaintiff to produce a chart, list or other document identifying its

*United States District Court*
*For the Northern District of California*

organizational structure as plaintiff has consistently maintained that no such document exists.

2.   In responding to Fitch's document production requests, plaintiff shall produce documents regarding collateralized debt obligations, credit-linked notes and other structured finance products whether or not such investments related to its "working capital account." Plaintiff shall not limit its Rule 30(b)(6) deponent's responses to ARS, but shall allow questions regarding investments for any structured finance products.

3.   With respect to a deponent regarding the preservation of Philip Anschutz's documents, it appears that plaintiff has agreed to produce Anschutz's assistant and the parties agreed to take that deposition on Friday, November 11, 2011. Docket No. 296. Fitch complains that plaintiff should be required to produce a copy of the "litigation hold notice" prior to that deposition. *Id.* The Court DENIES that request without prejudice. In the absence of *evidence* that spoilation of relevant documents has actually occurred, the Court will not order the notice to be produced.

4.   Fitch's request for a discovery conference is DENIED without prejudice. If, after the depositions discussed above are taken, Fitch still believes a continuance in the discovery deadlines would be appropriate, the parties shall meet and confer to discuss an agreed to extension of time and submit that request to the Court.

**IT IS SO ORDERED.**

Dated: November 9, 2011

_____
SUSAN ILLSTON
United States District Judge