IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ANSCHUTZ CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH & CO., et al.,<br><br>Defendants. | No. C 09-03780 SI<br><br>**ORDER DENYING FITCH'S SECOND MOTION TO COMPEL** |

Currently before the Court is defendant Fitch, Inc.'s motion to compel plaintiff to produce a copy of plaintiff's "litigation hold" letter, based on Fitch's belief that spoliation of evidence has occurred. Fitch sought a copy of the litigation hold letter before, and the Court denied that request without prejudice in the absence of evidence that relevant documents had been destroyed. Docket No. 297. After taking the deposition of plaintiff's CEO's assistant, Fitch again moves for an order compelling plaintiff to produce a copy of its litigation hold letter, which otherwise would be protected by the attorney-client privilege. Docket No. 298.

The Court has reviewed the arguments made by Fitch and by plaintiff and concludes that Fitch has not demonstrated that spoliation has actually occurred. Fitch argues that the deposition of the CEO's assistant demonstrates that the assistant did not adequately preserve potentially relevant documents. However, Fitch fails to point to any admission by the assistant or other documentary evidence that suggests that the assistant or CEO *ever* received any documents which should have been covered by a litigation hold, and were nonetheless destroyed. The only documentary evidence Fitch can point to is a 2008 email in which an Anschutz employee asked a third-party to prepare a report about ARS for Mr. Anschutz, the CEO. But Fitch has not presented any evidence that the requested memo

was ever prepared, much less whether it was sent to the CEO. Fitch has not deposed the employee who sent the email to the third-party, requesting the preparation of the memo, and plaintiff disputes whether any such memo was ever prepared.

In these circumstances and in absence of any evidence that relevant documents have been impermissibly destroyed, the Court DENIES Fitch's motion.

**IT IS SO ORDERED.**

Dated: November 21, 2011

SUSAN ILLSTON
United States District Judge