United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ANSCHUTZ CORPORATION, | No. C 09-03780 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| MERRILL LYNCH & CO., et al., | |
| Defendants. | |

Currently before the Court is a motion by plaintiff The Anschutz Corporation ("TAC") to compel defendant Fitch, Inc. to: (1) provide a further response to Interrogatory No. 1 including information that Fitch is aware of regarding the identity of and role any non-Fitch employees had with the DBSI securities at issue; and (2) search the electronic files/archives of at least ten additional Fitch employees, some of whom were involved only with the Camber series of DBSI securities that are not directly at issue in this case.[1]  The individuals TAC wants added to the list of custodians whose files are being searched also include an individual employed in Fitch's billing department, as opposed to its rating department, as well as two individuals who were involved with monitoring the ratings of the Pivot and Capstan securities after TAC's purchases. Docket No. 318.

1.    With respect to the first issue, the Court finds that TAC's interrogatory is not limited to Fitch employees who were involved in "rating" the DBSI securities. Fitch must provide an amended response providing information that Fitch has personal knowledge of, which may obviously be limited with respect to non-Fitch employees. Fitch shall provide that amended response within 10 (ten) days

---

[1] Plaintiff seeks damages stemming from its purchase of the Pivot and Capstan series of securities, which were issued by DBSI after the Camber series.

of the date of this Order.

2.  With respect to the second issue, despite its position that documents related to the Camber series of DBSI securities are irrelevant, Fitch has agreed to search the electronic files for ten additional individuals who were involved with the Camber series. *See* Docket No. 318 at fn. 17. Fitch, however, continues to refuse to search the files of an employee in its billing department (as opposed to its ratings department) and two employees who were involved in the "surveillance" of the Pivot and Capstan ratings after TAC's purchases. *Id.*, fn. 20-21. Based on the FAC's allegations that Fitch abandoned its role as a "neutral and disinterested guardian[] of the public interest" in exchange for higher fees, and the allegations that Fitch knew the DBSI securities did not deserve their high ratings, *see, e.g.,* FAC ¶ 7, and based on the showing of relevance made in support of this motion, the Court finds that Fitch's search for responsive documents should include the electronic files of the employee in its billing department identified by the parties, as well as the two employees identified by the parties who were involved in reviewing the ratings after TAC's purchase.[2]

The question remains how long Fitch should be given to conduct the additional searches and review the responsive documents for privilege, etc. Fitch claims it needs at least three months, and asks the Court to reset the previously agreed-to deadline for substantial completion of document production from February 3, 2011 to May 3, 2011, and continue all other case management deadlines by the same amount of time. TAC argues that it believed Fitch had agreed to produce this discovery back in early August and that Fitch should not be rewarded for dragging its feet with an extension of the case management deadlines. The Court does not agree with TAC that Fitch had agreed to provide all of the discovery at issue in this dispute, and finds that a two month extension in the discovery and case management deadlines is appropriate to allow Fitch to expand its electronic document retrieval and review to cover the files of the additional employees at issue.

Therefore, Fitch is ORDERED to run the agreed search terms for the electronic files of the thirteen additional Fitch employees identified in Docket No. 318, fns. 17, 20-21. The production of

---

[2] If TAC seeks additional discovery from similarly situated employees, TAC may be required to make a showing of relevance, based on documents disclosed to date, justifying such additional discovery.

responsive documents shall be completed on or before **April 3, 2011.** The parties shall submit a joint stipulation extending the current case management deadlines by two months.

**IT IS SO ORDERED.**

Dated: January 8, 2012

SUSAN ILLSTON
United States District Judge