1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 THE ANSCHUTZ CORPORATION,                    No. C 09-03780 SI

9         Plaintiff,                           **ORDER GRANTING IN PART AND
                                               DENYING IN PART DEFENDANT'S**
10   v.                                        **MOTION TO COMPEL**

11 MERRILL LYNCH & CO., et al.,

12        Defendants.
   _____/

13

14         Currently before the Court is defendant Fitch, Inc.'s motion to compel further responses by

15 plaintiff The Anschutz Corporation's ("TAC") to Fitch's Interrogatories Nos. 3-4 and to compel

16 TAC to add Paul Grigel as a custodian.   Docket No. 331.

17         1.      With respect to Interrogatory No. 3, the Court agrees with TAC that as phrased the

18 interrogatory is impermissibly overbroad, as it potentially encompasses  thousands upon thousands

19 of documents.  However, Fitch's narrowed request – as framed in its motion  to compel – that TAC

20 be required to identify "reports" "summarizing or analyzing Anschutz's ARS," is more appropriate.

21 Therefore, the Court GRANTS Fitch's request in part and compels TAC to provide a supplemental

22 interrogatory response identifying the following: reports created by TAC that summarize or analyze

23 TAC's ARS investments.

24         2.      With respect to Interrogatory No. 4, which asks TAC to identify the "author,

25 recipients, and any other person or entity that received or reviewed each of the" documents

26 identified in response to Interrogatory No. 3, the Court GRANTS Fitch's request in part and compels

27 TAC to provide a supplemental interrogatory response identifying the following: the author and

28 recipient(s) of each report identified in its supplemental response to Interrogatory No. 3.

**United States District Court**
For the Northern District of California

3.      With respect to Paul Grigel, the Court finds that Fitch has not made a showing that Grigel was sufficiently involved with plaintiff's ARS investments to require that he be added as a custodian.  TAC asserts that Grigel's only involvement with TAC's ARS investments was one call to S&P at the request of a TAC executive in November 2007, after the ARS market failures.  In the absence of any evidence – other than one S&P document memorializing that one call – that Grigel played a larger role in TAC's ARS investments, the Court will not order that Grigel be added as a custodian.  Fitch's motion to compel on this issue is DENIED without prejudice. The Court, however, will accept TAC's compromise position and compel TAC to produce any responsive documents that Grigel has in his possession.

The supplemental responses required shall be provided within thirty days of the date of this Order.

**IT IS SO ORDERED.**

Dated: February 6, 2012

_____
SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California