IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ANSCHUTZ CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>MERRILL LYNCH & CO., et al.,<br><br>        Defendants.<br>_____ / | No. C 09-03780 SI<br><br>**ORDER GRANTING IN PART DEFENDANTS' REQUEST TO RESTORE PLAINTIFF'S ESI** |

Currently before the Court is defendants' request that the Court order plaintiff to restore backup tapes containing electronically stored information (ESI), specifically emails for four specific dates. Docket No. 343. In their supplemental letter regarding the issue, Docket No. 387, defendants argue that "good cause" exists for requiring plaintiff to restore these emails because plaintiff's general document retention policy likely allowed employees to destroy emails which would be relevant to this lawsuit. Defendants also rely on their repeated allegation that plaintiff's "litigation hold" directives in this case were not thorough enough to preclude destruction of relevant information. *See* Docket No. 343 at 2; Docket No. 387 at 2. Finally, defendants rely on the fact that plaintiff did not provide any evidence of the actual costs plaintiff would face if required to restore these emails. Docket No. 343 at 4. Plaintiff responds that defendants have failed to show that the significant efforts required to access these backup tapes – which have never been restored – is necessary in this case. Plaintiff also asserts that such restoration would cost hundreds of thousands of dollars.

The Court is primarily concerned that defendants have not shown either: (1) that emails do exist regarding the key issues in this case, i.e., the 2007 purchase of the ARS and subsequent damages, given plaintiff's position that the ARS transactions at issue were approved and effectuated primarily by one

senior executive; or (2) that relevant, responsive information is likely to be found in the emails to be restored. Defendants have pointed to no *evidence* on which the Court can rely to find that relevant documents that *should* exist have not been produced by plaintiff because the electronic files were destroyed.[1] The Court also recognizes, however, that under plaintiff's document retention policy relevant emails – if they existed – may have been deleted and are not currently available through any source other than the backup tapes.

As such, the Court orders as follows:

(1) Defendants shall choose one particular date for emails to be restored for up to three custodians;

(2) The backup tape containing those emails shall be produced by plaintiff to a third-party consultant chosen by defendants;

(3) Defendants shall bear the cost of the third-party consultant to index, restore and process the backup tapes for the identified date and custodians;

(4) Plaintiff shall bear the cost of reviewing the restored and indexed emails for privilege and relevance;

(5) If responsive documents are found in the restored emails, defendants may move the Court to order plaintiff to produce backup tapes to restore emails from additional dates and/or custodians. In that motion, defendants will be required to demonstrate – based on discovery to date – that cost and burden of further restoration of emails outweighs the burdens and costs imposed on the parties.

**IT IS SO ORDERED.**

Dated: March 6, 2012

SUSAN ILLSTON
United States District Judge

---

[1] Defendants' only evidence on this point is that 170 relevant emails exchanged by plaintiff and third-party Credit Suisse were initially produced only by third-party Credit Suisse and not by plaintiff until defendants brought the issue to plaintiff's attention. Docket No. 343 at 3; Docket No. 387 at 2. However, this evidence goes only to plaintiff's *alleged* failure to produce relevant evidence and does not demonstrate that relevant emails or other electronic documents have been deleted or otherwise destroyed by plaintiff.