IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ANSCHUTZ CORPORATION, | No. C 09-03780 SI |
| Plaintiff, | **ORDER REGARDING PROCEDURE FOR RAISING DISCOVERY DISPUTES** |
| v. | |
| MERRILL LYNCH & CO., et al., | |
| Defendants. | |

The parties have submitted a stipulation regarding their preferred procedure for raising discovery disputes. Docket No. 393. The Court has considered that stipulation and the discussion at the February 7, 2012 Case Management Conference, and issues the follow order:

1. <u>Meet and Confer</u>: The parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer. The parties will make best efforts to complete the meet and confer within 5 business days.

2. <u>Raising the Dispute With the Court</u>: Should the meet-and-confer process not resolve the dispute, a party may raise a discovery dispute with the Court by one of two methods, at the moving party's option.

   a. <u>Option 1</u>: Noticed Motion: A party may raise a discovery dispute through a noticed motion pursuant to Local Rules 6, 7 and 37, only after submitting a one page letter explaining the need for a fully briefed discovery motion and after receiving leave of Court to file a noticed motion. The Court will grant leave for a party to file a noticed discovery motion only where the issues to be raised are particularly complex or otherwise merit in depth explanation and/or argument.

   b. <u>Option 2</u>: Joint Letter Brief: A party may raise a discovery dispute through a joint letter brief. If this option is selected, the moving party will circulate its portion of a joint letter brief (the portion may not exceed three single-spaced pages) to the opposing party. The opposing party will provide its portion of the joint letter brief (the portion may not exceed three single-spaced pages) to the moving party within 7 business days of receiving the moving party's initial portion of the joint letter brief. The moving party then may add a one page (single spaced) reply to the joint letter brief (following the opposing party's portion). No revision to any prior circulated portions of the joint letter brief (i.e., the moving party's initial portion and the opposing party's responsive statement) will be permitted. The moving party must file (or withdraw) the entire joint letter brief within 3 business days of receiving the opposing party's portion of the joint submission.

**IT IS SO ORDERED.**

Dated: April 3, 2012

                SUSAN ILLSTON
                United States District Judge