IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ANSCHUTZ CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERRILL LYNCH & CO., et al.,<br><br>　　　　Defendants.<br> | No. C 09-03780 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL** |

Currently before the Court is plaintiff's motion to compel defendant Fitch, Inc. to respond to Interrogatories Nos. 2 & 3. Those interrogatories ask Fitch to identify persons who had involvement in rating or monitoring the Credit Linked Notes (CLNs) that underlie the Camber, Pivot and Capstan Auction Rate Securities (ARS) at issue, as well as identify the legal entities that issued or monitored the ratings of the CLNs. Docket No. 395. Plaintiff also asks the Court to compel Fitch to produce the "deal files" for the CLNs.

Fitch objects to producing the requested information, arguing the information is irrelevant because the ratings given to the ARS securities were based on the "pre-existing" ratings assigned to the collateralizing CLNs, which ratings were themselves based on ratings for other corporate bonds, some secured through credit default swaps. Fitch suggests that because the ratings *process*s for the CLNs or other underlying securities was not considered in rating the ARS securities at issue – because Fitch just assumed the pre-existing ratings for the underlying securities and passed them on as ratings for the CLNs and then for the ARS – the identity of individuals and entities involved in assigning or monitoring the ratings of the CLNs, as well as the related documents, are all irrelevant. The Court disagrees. The heart of the claim against Fitch is what Fitch knew or should have known about the credit ratings

assigned to the ARS. The credit ratings assigned to the CLNs, even if they were simply pass-ons from other products, are directly relevant to that question.

Fitch also argues that plaintiff's request for production of the deal files is untimely because the parties' agreed-to deadline of April 3, 2012, for "substantial completion of document productions," (Docket No. 363) has passed. However, there is no evidence that the number of documents at issue is so large that it would undermine the parties' agreement that "substantial document production" be complete as of early April. Moreover, the fact discovery cutoff in this case is not until July 9, 2012. The Court, therefore, rejects Fitch's timeliness argument.

Plaintiff's motion to compel is GRANTED. Fitch shall produce the information required by Interrogatories Nos. 2-3 and the underlying deal files for the relevant CLNs within ten (10) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: April 17, 2012

SUSAN ILLSTON
United States District Judge