IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ANSCHUTZ CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MERRILL LYNCH & CO., et al.,<br><br>　　　　　　Defendants.<br> _____ / | No. C 09-03780 SI<br><br>**ORDER RE DISCOVERY DISPUTES** |

Currently before the Court are three motions to compel. **First**, defendant Fitch, Inc. moves to compel plaintiff to produce three categories of expedited discovery[1] in light of the May 8, 2012 production by plaintiff The Anshutz Corporation (TAC) of a draft complaint, which had been drafted by litigation counsel on behalf of plaintiff TAC against Credit Suisse, the entity which purchased the Auction Rate Securities (ARS) at issue here. That draft complaint was produced from the files of Bruce Black, the general counsel of TAC's parent company, who was not designated by either side a custodian of record for purposes of discovery. Fitch argues that the draft complaint against Credit Suisse contains allegations regarding Credit Suisse's discretion that are contradictory to the allegations TAC makes in the operative complaint in this case. Docket No. 409. In light of the late production of the draft complaint, and the fact that it was produced from the files of Mr. Black and not from the files of any of the identified custodians, Fitch requests that the Court order TAC to: (1) produce documents and responses in response to expedited discovery requests; (2) include Bruce Black as a custodian for purposes of all past, present and future discovery requests; and (3) search the files of plaintiff's litigation

---

[1] Fact discovery is set to conclude on July 9, 2012.

counsel Kellogg Huber, for responsive documents.

TAC opposes the motion. It argues that expedited action is unwarranted, since production of other documents made months ago informed Fitch of the settlement between TAC and CS and of the existence of the draft complaint. TAC also argues that a search the files of Mr. Black or litigation counsel is unwarranted, because Fitch cannot point to any specific document or categories of documents that are missing.[2] TAC contends that the draft complaint was not in the custodians' files because it was drafted by litigation counsel, and Mr. Black had given one of the custodians one hard copy of the complaint to provide to Credit Suisse.

The Court finds that good cause exists to compel TAC to provide responses to Fitch's requests for expedited discovery – aimed at determining the level of discretion Credit Suisse had over TAC's investments – within fourteen (14) days of the date of this Order. The requests for production, however, shall be limited to the previously agreed-upon custodians and the time frame for the responses shall be from January 1, 2004 through August 17, 2009. Fitch has not shown sufficient cause for this Court to order litigation counsel to be required to search their files. As to Mr. Black, however, good cause has been established to compel TAC to search Mr. Black's records for any non-privileged, responsive documents. That search shall be conducted and any responsive, non-privileged documents produced within fourteen (14) days of the date of this Order.

The **second** discovery motion before the Court is Fitch's motion to compel TAC to produce documents and information regarding investments by TAC's affiliate, Anshutz Investment Company, in structured financial products, in particular the structured investments identified in the deposition of AIC's managing director Bryan Ritz. Docket No. 410. Fitch argues that discovery regarding AIC's investments in structured financial products is covered by this Court's November 9, 2011 Order, which compelled TAC to provide information regarding its investments in structured finance securities. TAC opposes the motion, arguing that AIC was not covered by the Court's prior order regarding TAC's discovery obligations and that because any structured finance investments made by AIC began in early

---

[2] TAC offered to search the files of Mr. Black if Fitch could identify specific, non-privileged documents that had not already been produced.

2010, they were after the "relevant" period, which concluded August 17, 2009 when TAC sold its ARS.[3]

The November 9, 2011 Order did not cover AIC; AIC was neither discussed by the parties nor addressed by the Court on that motion. Nor did the November 9, 2011 Order address the time frame applicable to discovery; rather, it found that TAC could not limit its discovery responses to ARS and/or investments made for its working capital account. Finally, Fitch has not demonstrated that any structured financial products bought by AIC are relevant to this case, because there is no indication when those products were purchased or whether they were purchased for TAC or another entity affiliated with AIC. Moreover, even if structured financial products were purchased for TAC by AIC, the fact that the purchases began in 2010 undermines any relevance those purchases could have to the issues in this case. As such, Fitch's motion to compel is DENIED.

The **third** discovery motion before the Court is Fitch's motion to compel further discovery responses regarding TAC's document retention for this case. The issue of TAC's alleged spoliation of evidence has been extensively briefed in a number of prior letter briefs submitted by Fitch. On this motion, Fitch seeks to compel further responses to Interrogatory No. 1 (asking TAC to identify whether TAC possesses copies of TAC documents produced by third-party CS and if not, to describe the circumstances of the loss or destruction of each document); Interrogatories Nos. 4, 5, and 14 (asking TAC to describe steps it took to preserve documents); and Interrogatory No. 6 (asking TAC to identify steps it took to for document preservation in other cases).

With respect to Interrogatory No. 1, the Court finds that TAC should provide an answer, identifying which of the specified documents are still in its possession and if not, describing the circumstances of the document(s) loss or destruction. With respect to Interrogatory Nos. 4, 5, and 14 the Court DENIES Fitch's motion without prejudice. Fitch argues that TAC's document retention Rule 30(b)(6) deponent and the other deponents' testimony was too vague and incomplete to suffice as a response to the interrogatories. TAC claims the opposite, arguing that these deponents provided Fitch with a full understanding of the steps TAC took for document retention in this case. Neither side

---

[3] TAC also notes that Mr. Ritz was not asked and did not testify as to *when* AIC invested in structured finance products at issue or whether those products were held by TAC, the plaintiff in this case.

3

attached excerpts from the depositions at issue. If Fitch wants to pursue this issue, within seven (7) days Fitch shall submit a declaration attaching the relevant deposition pages. Five (5) days later, TAC shall submit any additional deposition pages in support of its position and the Court will take the issue under submission. With respect to Interrogatory No. 6, the Court DENIES the motion to compel and finds that Fitch has not adequately demonstrated why the information it seeks is relevant to its claims of spoliation in this case.

For the reasons discussed above, Fitch's motions to compel are GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Dated: June 5, 2012

SUSAN ILLSTON
United States District Judge